FILED
2017 Jun-12  AM 10:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **RICHARD CHEATWOOD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **JURY TRIAL** |
| **v.** | ) | **REQUESTED** |
| | ) | |
| **CITY OF VESTEVIA HILLS** | ) | |
| **and CHIEF OF POLICE for the CITY** | ) | |
| **OF VESTEVIA HILLS DAN P. RARY** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

## I.   JURISDICTION

1.    This is an action for legal and equitable relief to redress Defendants'
violations of Plaintiff's constitutional and statutory rights.  The suit is brought to
secure the protection of and to redress the deprivation of rights secured under the
"Age Discrimination in Employment Act of 1967", as amended, 29 U.S.C.  § 621, et
seq., the First Amendment of the United States Constitution, and 42 U.S.C. § 1983.
Plaintiff is also pursuing the Alabama state law torts of negligent/malicious hiring,
negligent supervision and outrage/intentional infliction of emotional distress.  The
jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 1367, 28
U.S.C. §§ 2201 and 2202.

## II.   PARTIES

2.      Plaintiff, Richard Cheatwood, is a resident citizen of Jefferson County, Alabama, and is fully competent to prosecute this action.  Plaintiff is a current employee of the City of Vestevia Hills Police Department.  Plaintiff's date of birth is February 24, 1971, therefore he is over the age of forty.

3.      Defendant, City of Vestevia Hills, is an entity subject to suit in this action.

4.      Defendant, Dan P. Rary is the Chief of Police for City of Vestevia Hills and is an entity subject to suit in this action.

## III.  FACTUAL ALLEGATIONS

5.      The Plaintiff re-alleges and incorporates by reference paragraphs 1-4. above with the same force and effect as if fully set out in specific detail hereinbelow.

6.      Plaintiff is a twenty-one year veteran of law enforcement.  He has been employed with the City of Vestavia Hills, Alabama Police Department since November of 1998.  Plaintiff's current rank is Patrol Officer and he has been in that position ever since he hired on.

7.      In or around January 2016, as a private citizen, Plaintiff posted comments via social media [Facebook] about a public safety tragedy that could have been avoided.  Specifically, the Plaintiff posted an opinion about how City of

2

Vestevia Hills first responders made critical errors in responding to a fire at the Vestawood Apartments. In the Plaintiff's opinion, these errors resulted in two fatalities. Plaintiff's Facebook post did not name anyone individually; but, only expressed frustration with the needless loss of life.

8.      Almost immediately after posting this one comment, Plaintiff was summoned by his supervisor, Lieutenant Jason Hardin of the City of Vestevia Hills Police Department, and given a document stating that Plaintiff was to immediately report to employee assistance to be evaluated for continued work.

9.      Plaintiff reported as instructed and answered questions posed by the counselor. After this incident, the Defendants demoted the Plaintiff from the position of Patrol Officer and assigned him to a previously non-existent position in the City Jail.

10.      Furthermore, the Plaintiff was denied promotions to Corporal on April 4, 2016 and September 6, 2016. Plaintiff had more experience and seniority than the majority of the individual promoted above him.

11.      Plaintiff has been denied promotions and retaliated against because (1) he spoke as a citizen on a matter of public concern and (2) the statement he posted played a substantial or motivating role in him being denied promotions and demoted to the jail. Furthermore, the Plaintiff's interests as a citizen outweighed the interests

of the City of Vestavia Hills in commenting on the Vestawoods Apartment fire.

12.     The Chief of Police individually, and the City of Vestavia Hills, by and through its employees, acted under pretense and color of law and in their official and individual capacities in discriminating and retaliating against the Plaintiff.

13.     The Chief acted willfully, knowingly, and with specific intent to deprive the Plaintiff of his rights secured by the First amendment to the United States Constitution, including his right to the exercise of free speech.

14.     As a proximate consequence of the Chief's and the City of Vestavia Hills's actions, the Plaintiff's rights pursuant to the First Amendment were violated. The Plaintiff is bringing his First Amendment claim via 42 U.S.C. § 1983.

15.     Plaintiff has attempted to obtain several promotions since being hired by the Defendants in November 1998.  Specifically, on several occasions, the Plaintiff has attempted to ascend to the position of Corporal.

16.     Since April 1, 2016, at least two individuals under the age of forty have been promoted to the position of Corporal.  The Plaintiff had more seniority and law enforcement experience than these individuals, but was never considered for either of these positions.  Plaintiff never received an interview for either of these positions.

17.      Plaintiff was subjected to unequal treatment regarding his employment because of his age, over (40).  Defendants discriminated against the Plaintiff on the

4

basis of his age in the terms and conditions of employment when they denied him a promotion to the position of Corporal, without explanation, and awarded those positions to younger, less senior and less experienced employees.

18.    As a direct consequence of Defendants' discriminatory actions, Plaintiff has suffered loss of income and employment benefits, loss of prestige and opportunity for advancement, embarrassment, humiliation, severe mental anguish, and emotional pain and distress.

19.    On September 13, 2016, the Plaintiff filed a charge of discrimination with the EEOC.  Approximately six weeks later, the Plaintiff's work was subjected to increased scrutiny.  Similarly situated employees who had not filed charges of discrimination were not treated in this manner.

20.    Upon information and belief the Defendants are attempting to unlawfully discharge the Plaintiff by closely observing his work performance and comings and goings waiting for an ostensibly legal basis to discharge him.  The Defendants are engaging in this conduct because of the Plaintiff's reporting and opposing discrimination in employment.

21.    For example, on December 7, 2016, the Plaintiff was confronted by two supervisors regarding an alleged complaint made against him for not being in the booking area.

22.     Plaintiff's job duties and responsibilities require him to assist the desk sergeant with paperwork, walk-in reports, fingerprints, and feed the pre-trial detainees.  The Plaintiff had never been formally assigned to the booking area and had helped out in that area sporadically.

23.     When the Plaintiff  requested a copy of his job description so that he could determine how best to do his job, he was told that he could not have a copy in writing.  Upon information and belief, the Defendants' are attempting to build a file on the Plaintiff to facilitate his termination in violation of the anti-retaliation provisions of the ADEA.

## IV.  CAUSES OF ACTION

### A.  Count One - First Amendment

24.     Plaintiff adopts and realleges Paragraphs 1-23 above as if fully set forth herein.

25.     The Plaintiff contends that he spoke out about matters of public concern and that his First Amendment interests outweigh any interest the Defendants may have had in suppressing such speech.

26.     The Plaintiff contends that the Defendants retaliated against him for the exercise of free speech guaranteed to him by the First Amendment to the United States Constitution and 42 U.S.C. §1983 by demoting him, denying him promotions

and treating him less advantageously than similarly situated individuals.

27.     Defendants acted with malice and/or reckless indifference toward the Plaintiff's federal and constitutional rights.

**B.   Count Two -Age Discrimination in Employment**

28.     Plaintiff adopts and re-alleges Paragraphs 1-27 above as if fully set forth herein.

29.     Defendants discriminated against the Plaintiff on the basis of his age in the terms and conditions of employment when they denied him a promotion to the position of Corporal, without explanation, and awarded those positions to younger, less senior and less experienced employees.

30.     As a direct consequence of Defendants' discriminatory actions, Plaintiff has suffered loss of income and employment benefits, loss of prestige and opportunity for advancement, embarrassment, humiliation, severe mental anguish, and emotional pain and distress.

**C.     Count Three-Intentional Infliction of Emotional Distress**

31.     The Plaintiff re-alleges and incorporates by reference paragraphs 1-30 above with the same force and effect as if fully set out in specific detail herein below.

32.     This is a claim arising under the law of the State of Alabama to redress Defendants intentional infliction of emotional distress upon the Plaintiff and the City

7

of Vestevia Hills's failure to prevent such conduct.

33.     The conduct of Defendant Dan P. Rary as a supervisory employee, as set out above, was extreme, outrageous, and beyond the boundaries of decency in civilized society, and it proximately caused the Plaintiff to suffer great emotional distress and trauma for which he claims compensatory and punitive damages from Defendants.

34.     The Defendants are directly liable for the acts committed by them which were authorized, ratified, and/or condoned by the City of Vestevia Hills.

### D.     Count Four-Negligent and/or Malicious Retention, Supervision, and Training

35.     The Plaintiff re-alleges and incorporates by reference paragraphs 1-34 above with the same force and effect as if fully set out in specific detail herein below.

36.     This is a claim arising under the law of the State of Alabama to redress the City of Vestevia Hills's negligent and/or malicious retention, training and supervision of Chief Rary.

37.     The City of Vestevia Hills negligently and/or maliciously failed to adequately train or instruct Chief Rary on violating an individual's right to free speech.

38.     The City of Vestevia Hills's failure proximately caused the Plaintiff great emotional distress and trauma for which he seeks compensatory and punitive damages.

## V.    PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.     Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendants are violative of the rights of the Plaintiff as secured under the First Amendment of the United States Constitution, 42 U.S.C. §1983, the Age Discrimination in Employment Act and the Alabama tort claims of negligent/malicious retention, supervision, and training and outrage/intentional infliction of emotional distress;

2.     Grant Plaintiff a permanent injunction enjoining the Defendants, its agents, successors, employees, attorneys and those acting in concert with the Defendants and at the Defendants' request from continuing to violate the First Amendment of the United States Constitution, 42 U.S.C. §1983, the Age Discrimination in Employment Act and the Alabama tort claims of negligent/malicious retention, supervision, and training and outrage/intentional infliction of emotional distress; and,

9

3.     Enter an order requiring the Defendants to make the Plaintiff whole by awarding him reinstatement to his former position with full restoration of duties and responsibilities, back-pay (plus interest), loss benefits, liquidated damages, punitive damages, compensatory damages, and/or nominal damages, declaratory and injunctive relief.

The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

## PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY

Respectfully submitted,
/s/Roderick T. Cooks
Roderick T. Cooks
Lee D. Winston
Charity Gilchrist-Davis
Counsel for the Plaintiff

**OF COUNSEL:**
OF COUNSEL:
WINSTON COOKS, LLC
505 20th Street North
Suite#815
Birmingham, AL 35203
(205) 502-0970     telephone
(205) 278-5876     facsimile

email: rcooks@winstoncooks.com

Law Office of Gilchrist Davis, LLC.
505 20th Street North
Suite#815
Birmingham, AL 35203
Telephone: 205-581-8812
Facsimile:  205-581-8815
Email:  charity@gilchristdavis.com

**DEFENDANT'S ADDRESS:**
City of Vestevia Hills
1032 Montgomery Highway
Vestevia Hills, AL 35216